# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P. <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-34054 (SGJ) |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST, <br><br> *Plaintiff* <br><br> v. <br><br> JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, LP.; HIGHLAND | Adv. Pro. No. 21-03076-sgj <br><br> Civ. Action No. 3:22-CV-203-S <br><br> THE DONDERO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE BANKRUPTCY JUDGE |

DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,

*Defendants.*

## THE DONDERO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE BANKRUPTCY JUDGE

**I.     INTRODUCTION**

Pursuant to Rules 5011 and 9033 of the Federal Rules of Bankruptcy Procedure, Defendants James Dondero, Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc. (collectively, the "Dondero Defendants") object to the *Report and Recommendation to the District Court Proposing That it: (A) Grant Defendants' Motions to Withdraw the Reference at Such Time as the Bankruptcy Court Certifies That Action is Trial Ready; But (B) Defer Pre-Trial Matters to the Bankruptcy Court* [Adv. Dkt. No. 151] (the "Report") issued by the United States Bankruptcy Court in the adversary proceeding filed by Mark A. Kirschner, as Trustee to the Litigation Sub-Trust ("Adversary Proceeding").  In the Report, the Bankruptcy Court concludes that the reference "***must*** ultimately be withdrawn for final adjudication to occur in the District Court," but nonetheless recommends that the District Court "only withdraw the reference of this Adversary Proceeding ***at such time as the bankruptcy court certifies that the action is trial-ready and defer to the bankruptcy court the handling of all pre-trial matters***…."  Report at 3-4 (emphases in original).  The District Court should reject the Bankruptcy Court's Report because it is based on three critical errors: (1) the Report incorrectly concludes there is federal subject matter jurisdiction over the 13 non-core claims asserted against the Dondero Defendants,[1] (2) the Report

---

[1] On March 23, 2022, the Dondero Defendants moved to dismiss the Kirschner Complaint in part for lack of subject

2

fails to apply the appropriate standard in determining whether withdrawal is mandatory, and (3) the Report erroneously concludes that the Bankruptcy Court may retain the Adversary Proceeding for pre-trial purposes even though it lacks jurisdiction and retention of the case would significantly impair judicial economy and consistency. For these reasons, and as set forth in the Dondero Defendants' Motion, this Court should reject the Report's conclusion and instead immediately withdraw the reference of this Adversary Proceeding to this Court.

## II.   STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 5011 provides that motions to withdraw the reference must be "heard by a district judge." Fed. R. Bankr. P. 5011(a); *In re Mirant Corp.*, 197 F. App'x 285, 294 (5th Cir. 2006) ("reference to and withdrawal from the bankruptcy court of bankruptcy matters is left to the discretion of the district court."). In considering the Bankruptcy Court's Report, the District Court "shall make a ***de novo review*** upon the record or, after additional evidence, of any portion of the bankruptcy findings of fact or conclusions of law to which specific written objection has been made[.]" Fed. R. Bankr. P. 9033(d) (emphasis added); *see Curtis v. Cerner Corp.*, 2020 WL 1983937, at *5 (S.D. Tex. Apr. 27, 2020) (modifying bankruptcy court's report and recommendation on motion to withdraw the reference pursuant to Rule 9033(d)).

## III.   THE COURT SHOULD DECLINE TO FOLLOW THE RECOMMENDATION OF THE BANKRUPTCY JUDGE

The Dondero Defendants agree with the Bankruptcy Court's finding that the reference must be withdrawn, but they object to the Report's conclusion that delaying mandatory withdrawal is appropriate. As set forth below, the Bankruptcy Court lacks jurisdiction to preside over the non-core causes of action asserted against the Dondero Defendants *even for pretrial purposes*. The

---

matter jurisdiction [Adv. Dkt. Nos. 143, 147].

Bankruptcy Court's conclusion that withdrawal can be delayed fails to apply the appropriate jurisdictional standard, and this Court should reject it and withdraw the reference now.

### A. There Is No Bankruptcy Jurisdiction Over The Non-Core Claims Asserted Against The Dondero Defendants

The Bankruptcy Court's finding that, post-confirmation, there "is still 'related to' bankruptcy subject matter jurisdiction" over the state-law claims asserted in the Adversary Proceeding ignores binding Fifth Circuit precedent. Specifically, in *Craig's Stores*, the Fifth Circuit Court of Appeals rejected the argument that jurisdiction continues to exist post-confirmation if a dispute is "related to" the bankruptcy under 28 U.S.C. 1334(b). *See Bank of La. v. Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390-91 (5th Cir. 2001). In *Craig's Stores* and its progeny, the Fifth Circuit has made clear that a bankruptcy court's post-confirmation jurisdiction is far more limited than the "related to" jurisdiction that can be exercised pre-plan confirmation. *See id.* at 390 ("After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."); *accord In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002); *In re Enron Corp. Secs.*, 535 F.3d 325, 334-35 (5th Cir. 2008).

Citing *Enron*, the Bankruptcy Court erroneously concludes that bankruptcy jurisdiction exists because the "post-confirmation causes of action" asserted against the Dondero Defendants are "predicated on pre-confirmation conduct, for the creditors' benefit." Report at 16-17. But not even the *Enron* court sanctions this conclusion. In *Enron*, the parties agreed that bankruptcy jurisdiction existed over an adversary proceeding that was commenced *prior to* plan confirmation. 535 F.3d at 334-35. The Fifth Circuit therefore concluded that confirmation did not **divest** the bankruptcy court of jurisdiction over an adversary proceeding that was commenced pre-confirmation. *Id.* at 335-36. The *Enron* court explained that, under *Craig's Stores*, "claims based

on pre-confirmation activities…raised post-confirmation" cannot "create jurisdiction." *Id.* at 335 n.9.  The Bankruptcy Court's reliance on *Enron* is misplaced.

The Bankruptcy Court's Report also erroneously concludes that a plan provision empowering a litigation trustee to assert the claims at issue creates bankruptcy jurisdiction.  *See* Report at 15-16.  Again, the Report is wrong.  The law is clear that a plan of reorganization cannot create subject matter jurisdiction.  *U.S. Brass*, 301 F.3d at 303 ("the source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157."); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.") (internal citations omitted).

Federal courts, including bankruptcy courts acting pursuant to an order of reference, lack the power to adjudicate cases in the absence of subject matter jurisdiction.  Because the Adversary Proceeding was filed post-confirmation, there is no "related to" bankruptcy court jurisdiction over non-core state-law claims, and the Bankruptcy Court lacks the power even to serve as a pre-trial magistrate.  For this reason alone, the District Court must reject the Report and immediately withdraw the reference.

   **B.**  **Withdrawal Of The Reference Is Mandatory Because The Adversary Proceeding Will Require Substantial And Material Consideration Of Federal Tax Law**

Although the absence of subject matter jurisdiction is sufficient reason to immediately withdraw the reference, immediate withdrawal also is mandatory because adjudication of the claims at issue would require the court to "undertake analysis of ***significant open and unresolved issues regarding the non-title 11 law*** – rather than the mere application of well-settled law." *Tex. United Hous. Program, Inc. v. Wolverine Mortg. Partner Ret.*, 2017 WL 3822754, at *7 (N.D.

5

Tex. Jul. 18, 2017) (emphasis added and quotations omitted). In its Report, the Bankruptcy Court does not apply this standard, nor does it even consider whether there are such "significant open and unresolved issues," as the defendants in the Adversary Proceeding have argued. Instead, the Bankruptcy Court concludes, without any analysis, that "bankruptcy courts routinely consider tax matters" and that the tax questions at issue in this proceeding "are not pervasive or particularly complicated." Report at 19. This conclusion is wrong.

As set forth more fully in the *Limited Objection of the Okada Parties to Report and Recommendation of the Bankruptcy Court Regarding Motion to Withdraw the Reference* [Dkt. No. 17] ("Okada Parties' Objection"), which the Dondero Defendants hereby incorporate by reference, resolution of the various avoidance and recovery of fraudulent transfer claims[2] will require the court to analyze "significant open and unresolved issues" of U.S. tax law, including whether 26 U.S.C. § 6502 is a "look forward" or "look back" provision. Dkt. No. 15 at 5-9; *see also* Motion at 10 n.2; Motion of Former Employee Defendants, Adv. Dkt. No. 28 at 3-4; Motion of Okada Parties, Adv. Dkt. No. 37 at 5-7. That is not an issue that any court—much less any bankruptcy court—has resolved, and the Bankruptcy Court offers no explanation as to why it is the appropriate tribunal to resolve novel tax issues. It is not. At the very least, the Bankruptcy Court's failure to engage in any real analysis under the relevant mandatory withdrawal standard warrants review by the District Court. As robustly explained in the Okada Parties' Objection the tax issues implicated in this Adverary Proceeding are anything but run-of-the-mill and are precisely the type of issues that mandate immediate withdrawal of the reference.

    **C.**    **The Report Provides No Reason For Delaying Withdrawal Of The Reference**

The Bankruptcy Court correctly concludes that the Dondero Defendants have jury trial

---

[2] The relevant claims asserted against the Dondero Defendants are Counts I-II and XXII-XXIII of the Complaint.

rights over the non-core claims, such that the Bankruptcy Court cannot preside over trial of (or issue final orders relating to) those claims. Report at 6-7, 11-12. But the Bankruptcy Court nevertheless recommends that this Court delay withdrawal of the reference until the eve of trial. The Bankruptcy Court provides no justification for that delay, and it fails to conduct a thorough analysis of all the factors set forth in *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 998-99 (5th Cir. 1985). Notably, the Report makes clear that two *Holland* factors—whether the causes of action are core or non-core, and whether there is a jury trial right—weigh in favor of withdrawal of the reference. *See* Report at 6-7, 12-13. But the Bankruptcy Court's Report completely ignores the remaining four factors, each of which is aimed at serving judicial efficiency and economy and weighs in favor of immediately withdrawing the reference. *See* Motion at 11-16.

Immediate withdrawal of the reference is particularly warranted in this Adversary Proceeding because the bulk of the claims at issue are non-core claims subject to de novo review by the District Court. As the courts of this District have explained, allowing the Bankruptcy Court to preside over pre-trial matters in this circumstance "would add an unnecessary, costly, and duplicative layer to the proceedings as any ruling made by the Bankruptcy Court on the non-core [] claim is subject to de novo review by the District Court." *See In re Bella Vita Custom Homes*, 2018 WL 2966838, at *2 (N.D. Tex. May 29, 2018), *report and recommendation adopted*, 2018 WL 2926149 (N.D. Tex. June 8, 2018) (granting immediate withdrawal of the reference). For this reason, courts repeatedly have held that where, as here, only the District Court has jurisdiction to finally adjudicate all claims, "immediate withdrawal of the entire adversary proceeding is most efficient course of action." *In re Quality Lease & Rental Holdings, LLC*, 2016 WL 416961, at *6 (Bankr. S.D. Tex. Feb. 1, 2016), *report and recommendation adopted*, 2016 WL 11644051 (S.D.

Tex. Feb. 29, 2016); *see In re Royce Homes, L.P.*, 2011 WL 13340482, at *5 (Bankr. S.D. Tex. Oct. 13, 2011) (concluding that "judicial economy would be disserved if the District Court deferred withdrawal of the reference and allowed the undersigned judge to resolve all pretrial disputes.").

For these reasons, and as set forth in the Dondero Defendants' Motion, considerations of efficiency and judicial economy weigh in favor of withdrawing the reference *now*, while this adversary proceeding is still in its early stages. *See* Motion to Withdraw at 14-16.

## IV.     CONCLUSION

This Court should adopt the Bankruptcy Court's conclusion that the reference must be withdrawn, and it should reject the Bankruptcy Court's conclusion that delaying that withdrawal is appropriate. The Dondero Defendants respectfully request that the Court enter an order immediately withdrawing the reference of this Adversary Proceeding and granting such other and further relief as may be just and equitable.

Dated: April 20, 2022

Respectfully submitted,

DLA PIPER LLP (US)

*/s/ Jason M. Hopkins*
Amy L. Ruhland (Rudd)
Texas Bar No. 24043561
Amy.Ruhland@us.dlapiper.com
303 Colorado Street, Suite 3000
Austin, TX 78701
Tele: 512.457.7000

Jason M. Hopkins
Texas Bar No.24059969
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: 214-743-4500/Fax: 214-743-4545
Email: jason.hopkins@us.dlapiper.com

*Attorneys for Defendants James Dondero, Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc.*