# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| MARC S. KIRSCHNER, AS LITIGATION TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO; MARK A. OKADA; SCOTT ELLINGTON; ISAAC LEVENTON; GRANT JAMES SCOTT III; FRANK WATERHOUSE; STRAND ADVISORS, INC.; NEXPOINT ADVISORS, L.P.; HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.; DUGABOY INVESTMENT TRUST AND NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GET GOOD TRUST AND GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; HUNTER MOUNTAIN INVESTMENT TRUST; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1 AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 AND LAWRENCE TONOMURA IN HIS CAPACITY AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2; CLO HOLDCO, LTD.; CHARITABLE DAF HOLDCO, LTD.; CHARITABLE DAF FUND, L.P.; HIGHLAND DALLAS FOUNDATION; RAND PE FUND I, LP, SERIES 1; MASSAND CAPITAL, LLC; MASSAND CAPITAL, INC.; SAS ASSET RECOVERY, LTD.; AND CPCM, LLC,<br><br>Defendants. | Adv. Pro. No. 21-03076-sgj<br><br>Civil Action No. 3:22-CV-203-S<br><br>*Consolidated with:*<br>Case No. 3:22-cv-229<br>Case No. 3:22-cv-253<br>Case No. 3:22-cv-367<br>Case No. 3:22-cv-369<br>Case No. 3:22-cv-370 |

## REPLY IN SUPPORT OF LIMITED OBJECTION OF NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. TO REPORT AND RECOMMENDATION TO DISTRICT COURT <u>ON THE MOTION TO WITHDRAW THE REFERENCE</u>

Defendants NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management Fund Advisors, L.P. ("HCMFA" and collectively with NexPoint, "Defendants") submit this reply in support of their *Limited Objection to Report and Recommendation to District Court on the Motion to Withdraw the Reference* (the "Limited Objection") [Dkt. No. 20].[1]  As their reply, Defendants respectfully state as follows:

## I.      **INTRODUCTION**

Defendants filed the Limited Objection in response to the *Report and Recommendation to the District Court Proposing that It: (A) Grant Defendants' Motions to Withdraw the Reference at Such Time as the Bankruptcy Court Certifies that Action Is Trial Ready; but (B) Defer Pre-Trial Matters to the Bankruptcy Court* (the "Report and Recommendation") [Dkt. No. 151 in Adv. Proc. No. 21-03076; transmitted to this Court at Dkt. No. 14], issued by the Bankruptcy Court on April 6, 2022.  Defendants object to the portions of the Report and Recommendation that recommend the Bankruptcy Court preside over all pre-trial matters and retain Adversary Proceeding No. 21-03076 (the "Adversary Proceeding") until it is certified as trial-ready, and ask this Court to immediately withdraw the reference for all purposes.  On May 4, 2022, Plaintiff Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-Trust of Highland Capital Management, L.P. (the "Plaintiff" or "Litigation Trustee") filed a *Response in Support of the Bankruptcy Court's Report and Recommendation* ("Plaintiff's Response") [Dkt. No. 25], responding to the objections to the Report and Recommendation asserted by all of the defendants to the Adversary Proceeding, and urging this Court to adopt the Report and Recommendation in its entirety.  This proposed course of action fails to acknowledge the Bankruptcy Court's lack of subject matter jurisdiction over non-core causes of action, the applicability of mandatory withdrawal of those claims that require

---

[1] Capitalized terms used, but not otherwise defined, herein have the meanings ascribed to them in the Limited Objection.

substantial consideration of other federal statutes, and the benefits of introducing this Court to the complexities of this litigation early in the process.

II.     **REPLY**[2]

A.     **Substantial Consideration of Federal Securities Law Is Necessary, Requiring Mandatory Withdrawal of the Reference.**

There are very few reported bankruptcy cases where non-core, post-confirmation claims seeking to unwind the creation of SEC-registered investment advisors like Defendants (not to mention ten-plus years of transactions among them) are resolved in bankruptcy court.  The Bankruptcy Court here agrees that it *cannot* resolve the claims, and the Trustee concedes that this proceeding is "extraordinarily complex." (Plaintiff's Response, ¶ 39.)  One of many reasons these proceedings are so complex is because the claims against Defendants implicate serious, novel and complex questions of federal securities laws that require withdrawal of the reference.  In *Picard v. Flinn Investments*, 463 B.R. 280 (S.D.N.Y. 2011) and *Picard v. Avellino*, 469 B.R. 408 (S.D.N.Y. 2011), two of the only reported cases that resemble the procedural posture here, the District Court concluded that withdrawal of the reference was required.  The Bankruptcy Court was wrong to recommend otherwise.

These *Picard* cases, which the Litigation Trustee tries in vain to distinguish at the conclusion of his response, deserve careful scrutiny by this Court.  In the *Picard* cases, a trustee sought to advance fraudulent transfer claims against the defendants and the defendants argued that resolution of those claims would require resolution of substantial questions of federal securities

---

[2]     Defendants also join in the replies in support of the objections to the Report and Recommendation of the other defendants in the Adversary Proceeding.  To the extent the arguments of other defendants are applicable to the arguments asserted with respect to Defendants, Defendants incorporate them by reference as though fully set forth herein.  All of the pleadings referenced herein are available on PACER and at http://www.kccllc.net/HCMLP.

laws.  As the *Avellino* court recognized, withdrawal is required because the federal securities laws modify the standard the Litigation Trustee must meet in order to show that a fraudulent transfer defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c).  *See Picard v. Avellino*, 469 B.R. at 411-412 ("not only [does] this issue merit withdrawal, but also…the securities laws do in fact alter the applicable standard").  This conclusion was not limited to the SIPA context, as the Litigation Trustee suggests, but rather it is SIPA "and other securities laws," including securities law requirements related to scienter in the fraud context. *Id.*  The securities laws "affect what constitutes good faith" in every case.  *Id.*  The District Court in *Picard v. Flinn Investments* likewise concluded that it could not resolve the fraudulent transfer claim without significant interpretation of the federal securities laws.  *Picard v. Flinn Investments,* 463 B.R. at 285.  As the Litigation Trustee concedes, the interaction between the federal securities laws and the fraudulent transfer standards in the *Picard* cases are "novel and complex" and warranted withdrawal.  The same result should be reached here.

The Litigation Trustee does not dispute that NexPoint and HCMFA were both *created* pursuant to federal securities laws and from creation to the present are closely regulated by the SEC.  Nor does the Litigation Trustee dispute that the debtor is an affiliated person of NexPoint and HCMFA as defined in the federal securities laws.  Since the Litigation Trustee is alleging that the *creation* of these entities (the subject of a public filing and an SEC order) was fraudulent and is seeking to avoid the SEC-approved transfers among these entities as fraudulent, the resolution of the claims in this belated challenge to the creation and funding of NexPoint and HCMFA will implicate novel and complex questions of federal securities laws, requiring withdrawal of the reference.  As the *Flinn* court recognized, the presence of fraud allegations "does not, by itself, mean that the securities laws do not apply." *Id.* (citing *SEC v. Zandford*, 535 U.S. 813, 819 (2002)).

CORE/3522697.0002/174543139.2

The primary alleged "fraudulent transfer" that the Litigation Trustee claims represented a breach of fiduciary duties was the creation and funding of NexPoint and HCMFA.  Some or all of these challenged transactions between Highland Capital Partners and Highland Funds Asset Management, L.P. (n/k/a HCMFA) were expressly reviewed and approved by the Securities and Exchange Commission in connection with transactions between these related entities.  See, e.g., SEC Investment Company Act of 1940 Release No. 28908 (granting exemptions for related entity transactions) (available at https://www.sec.gov/rules/ic/2009/ic-28908.pdf).  As stated clearly in the objections, and unrebutted in response, whether and to what extent the SEC approval of these transactions operates as a complete defense to the allegations is a complex and novel securities question at the center of the claims against NexPoint and HCMFA.  This is the same as the securities law questions at the heart of the defenses in the *Picard* cases.  It is impossible to resolve any allegation that the creation and funding of NexPoint and HCMFA is fraudulent without considering *at the very same time* whether the challenged transactions fall within an exemption *expressly granted* by the U.S. Securities and Exchange Commission.  At a minimum, the right to relief depends upon the resolution of a substantial and disputed federal securities question.

The Litigation Trustee's reliance on *In re Contemporary Lithographers*, *Inc.* (Plaintiff's Response, p. 21) is misleading.  Here, as in *In re Contemporary Lithographers, Inc.*, the Litigation Trustee seeks to challenge conduct that is *directly regulated* by the SEC and at least in some instances the subject of a *specific* grant of exemption by the SEC as a violation of state common law principles.  *In re Contemporary Lithographers, Inc.*, 127 B.R. 122, 125 (M.D. N. Car. 1991).  The very case the Litigation Trustee cites in defense of the recommendation to reject withdrawal of the reference reached the correct – and noncontroversial – conclusion that where a "federal question will affect the outcome of the proceeding mandatory withdrawal applies."  *In re*

*Contemporary Lithographers, Inc.*, 127 B.R. 122, 127 (M.D.N. Car. 1991).  Since the Litigation Trustee's allegations, if accepted, would run directly into securities laws and specific exemptions, this federal securities law question requires withdrawal of the reference.

Contrary to the Bankruptcy Court's recommendation, NexPoint and HCMFA are not seeking to exempt all federally registered investment companies from being pursued in claims in bankruptcy court.  Defendants are advocating for application of a simple, well-supported premise of federal bankruptcy law: where the proceeding involves a substantial question of non-bankruptcy code federal law that has more than a de minimus effect on interstate commerce,[3] withdrawal of the reference is required.  All of the cases cited by the Litigation Trustee in opposition support this principle and granted the motion to withdraw the reference.  *See Lifemark Hospitals of Louisiana, Inc. v. Liljeberg Enterprises, Inc.*, 161 B.R. 21, 25 (E.D. La. 1993) (granting motion to withdraw the reference because "substantial and material consideration of non-bankruptcy federal law is needed); *In re National Gypsum Co.*, 145 B.R. 539, 542 (N.D. Tex. 1992) (same).

The fact that the Litigation Trustee asserts only state law claims does not warrant denial of the motion to withdraw the reference.  As the Seventh Circuit recognized, the core of these state law claims "in which one party to a contract [allegedly] conceals the fact that it planned all along to favor its own interests- is a staple of federal securities law."  *Holtz v. JPMorgan Chase Bank, N.A.*, 846 F.3d 928, 930-31 (7th Cir. 2017).  Whether these transfers can be avoided in bankruptcy "requires 'significant interpretation' of the securities laws."  *Picard v. Flinn Investments, L.C.*, 463 B.R. 280, 285 (S.D.N.Y. 2011).   Neither  the  Plaintiff's  Response  nor  the  Report  and

---

[3]   The Litigation Trustee does not suggest that the transactions fail to implicate interstate commerce, so this requirement has been conceded.

CORE/3522697.0002/174543139.2

Recommendation contain any citations to any bankruptcy court anywhere considering these or similar federal securities issues.

Finally, there is nothing "speculative" about the securities law questions that will be at the center of the claims against NexPoint and HCMFA.  The transfers that the Litigation Trustee is challenging were made and disclosed pursuant to the federal securities laws.  Compliance with those laws is going to be a centerpiece of the questions of good faith and fiduciary duty that are at the center of the Litigation Trustee's claims against these Defendants.  This Court should reach the same conclusion that every decision cited by either party reached and withdraw the reference.  As the *Picard* Court concluded, withdrawal of the reference to the bankruptcy court is mandatory "in order to undertake the 'significant interpretation' of securities laws necessary" to resolve these questions." *Picard v. Flinn Investments, L.C.*, 463 B.R. at 285.

### B. Substantial Consideration of Federal Tax Law Is Necessary, Requiring Mandatory Withdrawal of the Reference.

The Litigation Trustee likewise argues in the Plaintiff's Response that the Adversary Proceeding requires no substantial consideration of federal tax law beyond that routinely covered by bankruptcy courts.  (Plaintiff's Response, p. 24-28).

However, as more fully set forth by the Okada Parties in the *Reply in Support of the Limited Objection of the Okada Parties to Report and Recommendation of the Bankruptcy Court Regarding Motion to Withdraw the Reference*, there is a substantive issue of federal tax law that has a significant impact in this case, whether 26 U.S.C. § 6502 is a "look forward" or "look back" provision.  Defendants expressly join in the suggestions of the Okada Parties as to the requirement to withdraw the reference to resolve the federal tax law questions.  Although the Litigation Trustee attempts to categorize this issue as a matter of state fraudulent conveyance law (Plaintiff's

7

Response, p. 25-26), the ultimate inquiry requires federal tax law analysis, necessitating mandatory withdrawal.

C.      **The Reference Should Be Withdrawn Immediately Because the Bankruptcy Court Lacks Subject Matter Jurisdiction over the Non-Core Causes of Action.**

In the Plaintiff's Response, the Litigation Trustee advocates for the Bankruptcy Court's analysis in the Report and Recommendation of its post-confirmation jurisdiction over the non-core causes of action in the Adversary Proceeding. (Plaintiff's Response, p. 9-15).

As more fully set forth by the Former Employee Defendants in *The Former Employee Defendants' Reply in Support of Objection to Report and Recommendation*, the Bankruptcy Court's interpretation of post-confirmation jurisdiction would substitute the Fifth Circuit's standard established in *Craig's Stores* and its progeny with the pre-confirmation standard for "related to" jurisdiction. *Bank of La. v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388 (5th Cir. 2001). Instead, the Fifth Circuit's more exacting standard must be followed, and under that standard, the Bankruptcy Court lacks jurisdiction over the non-core claims. The Litigation Trustee's attempt to use broad Plan language and an all-encompassing definition of "antagonism" to claim subject matter jurisdiction over the entire Adversary Proceeding is to no avail.

D.      **Cause Exists for Immediate Permissive Withdrawal Where, As Here, All Parties Concede That Defendants Have Jury Trial Rights.**

In support of allowing the Bankruptcy Court to retain the Adversary Proceeding until the case is trial-ready, the Litigation Trustee devotes a substantial amount of time in the Plaintiff's Response lauding the Bankruptcy Court's prior experience with the parties and claims at issue. (Plaintiff's Response, p. 28-32). All parties acknowledge that there are many defendants (23) and causes of action (36) asserted in the Adversary Proceeding. However, the bulk of the causes of action assert non-core claims subject to de novo review by this Court – cancelling any purported

8

efficiencies from the Bankruptcy Court's familiarity. *See Curtis v. Cerner Corp.*, 2020 WL 1983937, at *5 (S.D. Tex. Apr. 27, 2020) (modifying bankruptcy court's report and recommendation suggesting bankruptcy court retention of all pretrial matters and immediately withdrawing the reference in its entirety).

What is also acknowledged by all parties, including the Bankruptcy Court, is that withdrawal of the reference for the Adversary Proceeding is necessary at some point due to the defendants' jury trial rights over non-core claims. Delaying the withdrawal until the cases are trial-ready only serves to force this Court to play catch up rather than allowing it to gain familiarity with the parties and issues early in the proceedings. This serves the best interests of no party.

## III.   CONCLUSION

The Defendants respectfully request that the Court reject in part the Bankruptcy Court's Report and Recommendation by immediately withdrawing the reference of the Adversary Proceeding for all purposes.

Dated: May 18, 2022

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANTS**
**NEXPOINT ADVISORS, L.P. AND**
**HIGHLAND CAPITAL MANAGEMENT**
**FUND ADVISORS, L.P.**

CORE/3522697.0002/174543139.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 18, 2022, a true and correct copy of this document was served electronically via the Court's CM/ECF system.

/s/Deborah Deitsch-Perez
Deborah Deitsch-Perez

10